**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 13-cr-155 (RJL) |
| | : | |
| **ROGER REDRICK,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Memorandum in Aid of Sentencing.

**Sentencing Recommendation**

The government recommends that, for Count Two of the Indictment, the Court sentence the defendant to a term of 188 months' incarceration, and impose a term of five years of supervised release. The recommended period of incarceration is at the bottom of the applicable guidelines range. The government respectfully submits that the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence below this guidelines range.

**Factual Background**

The relevant facts underlying the charges in this case are set forth in detail in the Statement of the Offense submitted to the Court at the time of the plea hearing, and in the Presentence Investigation Report. Specifically, deputy United States Marshals and other law enforcement officers attempted to execute an arrest warrant – stemming from a parole violation – at the home of defendant Redrick, located at 2966 2nd Street SE, Apt. 21, Washington, D.C, on April 20, 2013. When the police arrived at the address, the defendant opened the door and was immediately detained inside the home. The officers conducted a protective sweep of the home, during which a

detective observed a throw rug bunched up in front of a closet door and heard a noise within the closet, suggesting that someone may be inside the closet. The officers breached the closet door, expecting to find someone inside the closet, but did not. After opening the closet door, the detective asked the defendant whether there was anything in the closet that the officers should know about. The defendant stated that there was a gun inside the closet.

Officers obtained a search warrant for the property and, during the execution of the warrant, seized the following items: (1) approximately 222 grams of cocaine base, (2) a quantity of loose cocaine powder, (3) an unloaded black Glock nine-millimeter semiautomatic handgun, (4) a loaded black Glock .40 caliber handgun containing 12 rounds of ammunition, (5) two loose cartridges of .38 special ammunition, (6) 100 rounds of .40 caliber ammunition, (7) assorted drug paraphernalia and cutting agents, and (8) $24,454 in United States currency.

After waiving his Miranda rights, the defendant admitted to law enforcement that the contraband seized during the execution of the warrant belonged to him and, further, that he made his living selling cocaine. All of the firearms were manufactured outside of the District of Columbia and, therefore, arrived in the District of Columbia through interstate or foreign commerce. At the time of his arrest in this case, defendant Redrick had previously been convicted of numerous crimes punishable by a maximum penalty in excess of one year of imprisonment, including, but not limited to, Armed Robbery, Possession with Intent To Distribute PCP, Possession with Intent To Distribute Marijuana, and two convictions for Robbery with a Deadly Weapon.

On May 30, 2013, the government filed a three-count federal grand jury Indictment charging the defendant with: (1) Unlawful Possession with Intent To Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count One); (2)

Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) (Count Two); and (3) Unlawful Possession of a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1) (Count Three).  The Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 (p), and 28 U.S.C. § 2461(c).

On March 18, 2014, the defendant entered a plea of guilty to Count Two of the Indictment.

**Guideline Calculation - Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (Count Two)**

The government agrees with the advisory sentencing guidelines set forth in the Presentence Report, which incorporates the defendant's status as an Armed Career Criminal and recognizes an offense level of 34.  See U.S.S.G. § 4B1.4(b)(3)(A).  Because the defendant gave timely notice of his intent to enter a guilty plea in this case, the government moves, pursuant to U.S.S.G. § 3E1.1, for a three-level reduction for acceptance of responsibility.  Accordingly, the government agrees that the defendant's total offense level is 31.  The government also agrees that the defendant has 16 criminal history points, placing him in Criminal History Category VI.  Accordingly, the defendant's range for Count Two is 188-235 months' incarceration.

**Argument in Support of the Sentencing Recommendation**

Consistent with the plea agreement, the government recommends that the Court sentence the defendant to 188 months' incarceration, which is at the bottom of the applicable guidelines range.  When determining the appropriate sentence, the Court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, 128 S. Ct. 586, 596 (2007).  Pursuant to 18 U.S.C. § 3553(a), in sentencing a defendant a

court must consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the kinds of sentences available; (4) the sentencing range established by the Sentencing Guidelines; (5) any related Sentencing Commission policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need for restitution to any victims.   These factors are also in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. See Gall v. United States, 552 U.S. 38, 50-52 (2007); Spanziano v. Florida, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); see also Williams v. New York, 337 U.S. 241, 249-51 (1949).

The nature and seriousness of the offense: The nature and seriousness of the defendant's offense is apparent. The defendant was using his home for the storage of significant amounts of narcotics, which he intended to distribute.  The sheer volume of illegal narcotics found in the defendant's home speaks to the seriousness of the offense.  In his home at the time of his arrest were well over 200 grams of crack cocaine.  Although this particular case does not directly involve an individual victim, the Court only need look to the individuals who have appeared before it to appreciate the devastation that cocaine causes not only to the users of those drugs, but to the communities in which it is peddled and abused.   Addictive narcotics not only destroy the lives of those who use the drugs, but the distribution and use of narcotics destroy families and communities as well.

Another truth of the narcotics trade is that these drugs often are distributed in street sales and open-air markets, and are cash-based businesses. Distribution of narcotics commonly results in violence, as drug distributors seek to maintain territory and as users often resort to violence to obtain funds to feed their habit. The realities of the enterprise often prompt dealers to use firearms to protect their products and profits. Given this, it is unfortunate, but hardly surprising, that the police recovered multiple firearms – one of which was loaded – and a significant amount of ammunition upon executing the search warrant at the defendant's home.

Defendant's criminal history: The defendant has a significant criminal history, as indicated by the Criminal History Category into which he has been placed. His prior adult convictions include three violent, armed offenses. The defendant also has amassed four prior adult convictions involving the possession with intent to distribute or simple possession of narcotics. The defendant's criminal history is disturbing on its face, and also makes plain that his instant offense is the latest in an unfortunate series of offenses involving drugs and firearms. Nothing about the defendant's history weighs in favor of a sentence below the applicable guidelines range.

The need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment considering the need for punishment and deterrence: The defendant's penchant for firearms renders him a danger to the public. Given that he has been convicted numerous times for using weapons in the commission of violent crimes or possessing a firearm, and nonetheless continued to possess firearms, supports the view that he will continue this conduct upon his release. In a similar vein, his trafficking in significant quantities of narcotics provides an

independent basis to consider him a community threat. The government hopes that during the sentence recommended, the defendant can receive the services that will help him to reform his conduct.

<u>The sentencing range established by the Sentencing Guidelines</u>: Here, the Sentencing Guidelines call for a range of 188-235 months' incarceration. A sentence of 188 months' incarceration followed by five years' supervised release is a fair and adequate punishment for the defendant's conduct and appropriately balances the factors set forth in 18 U.S.C. § 3553(a), reflects the seriousness of the defendant's offenses, promotes respect for the rule of law, and acts as an adequate deterrent.

**WHEREFORE**, for the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 188 months' incarceration with five years of supervised release.

    Respectfully submitted,

    RONALD C. MACHEN JR.
    United States Attorney


        /S/
    KEVIN ANDREW CHAMBERS
    Assistant United States Attorney
    U.S. Attorney's Office - D.C.
    555 Fourth Street, NW, Room 4209
    Washington, DC 20530
    (202) 252-6993
    kevin.chambers@usdoj.gov